HENINGER GARRISON DAVIS, LLC
5 Penn Plaza, 23rd Floor
New York, New York 10001
Telephone: (212) 896-3876

*Attorneys for Plaintiff*
*Endeavor MeshTech, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENDEAVOR MESHTECH, INC., | **ECF CASE** |
| Plaintiff, | CIVIL ACTION NO. _____ |
| v. | **JURY TRIAL DEMANDED** |
| REDPINE SIGNALS, INC., | |
| Defendant. | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

Plaintiff Endeavor MeshTech, Inc. (hereinafter, "Plaintiff" or "Endeavor"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Redpine Signals, Inc. (hereinafter, "Defendant" or "Redpine") as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent Nos. 7,379,981 (hereinafter, the "'981 Patent"), 8,700,749 (hereinafter, the "'749 Patent"), and 8,855,019 (hereinafter, the "'019 Patent") (collectively, the "Patents-in-Suit"), copies of which are attached hereto as **Exhibits A, B and C,** respectively. Plaintiff is the owner of the Patents-in-Suit.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Endeavor is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 3140 Broadway, 46th Floor, New York, New York, 10005 (New York County).

3.      Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of California since May 30, 1997, has its principal place of business located at 2107 North First Street, Suite #680, San Jose, California 95131-2019 (Santa Clara County), and may be served through its registered agent, Jose Palma, who is located at 111 Race Street, San Jose, California 95126.

4.      Upon information and belief, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises it products under the brand names of n-Link™, Connect-io-n™, WiSeConnect™, "M2MCombo," "SmartCombo," "NetCombo." and "WinergyNet™."

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of New York and in the Southern District of New York; Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in the Southern District of New York; Defendant has sought protection and benefit from the laws of the State of New York; Defendant regularly conducts business within the State of New York and within the Southern District of New York, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of New York and in the Southern District of New York.

7.      More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of New York, and the Southern District of New York.  Upon information and belief, Defendant has committed patent infringement in the State of New York and in the Southern District of New York.  Defendant solicits customers in the State of New York and in the Southern District of New York.  Defendant has many paying customers who are residents of the State of New York and the Southern District of New York and who use Defendant's products in the State of New York and in the Southern District of New York.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9.      The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent), and October 7, 2014 (the '019 Patent) after full and fair examinations.  Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

10.     On information and belief, Defendant owns, operates, advertises, and/or controls the website www.redpinesignals.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to the following products (collectively, the "Accused Products and Services"): "RS-SE-201 Smart Energy Wi-Fi Communications Module," "RS-SE-401 Low-Power Metering and Communications Module," "RS-SE-501 Secure Circuit Breaker System," "RS-SE-601 Long-Range Simultaneous Dual-band Wi-Fi Module," "RS9113 M2MCombo," "SmartCombo

RS9117," "NetCombo RS9333," "RS9113-NBZ-D0C Combo Module," "RS9113-NBZ-D1C Combo Module," "n-Link Combo Modules," "Connect-io-n™ Combo Modules," "WiSeConnect™ Combo Modules" (collectively, the "Redpine Modules"), "RS-SE-301 Advanced Gateway System," and WinergyNet™ compatible products and services.  Evidence obtained from Defendant's website regarding these products is provided in **Exhibits D through K.**

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,379,981**

11.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '981 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the brand names of n-Link™, Connect-io-n™, WiSeConnect™, "M2MCombo," "SmartCombo," "NetCombo." and "WinergyNet™."  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '981 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual network nodes (e.g., Redpine Modules) coupled to a gateway (e.g., RS-SE-301 Advanced Gateway System) to provide a communication access point between the nodes and an external network, including at least the Accused Products and Services. For example, the Accused Products and Services infringe one or more of the claims of the '981 Patent by providing to Defendant's customers its wireless modules in which "Neighborhood Meter data" are "aggregated and directly transported" onto other networks using Wi-Fi devices that organize themselves automatically to create a "neighborhood mesh network."  See, e.g., Exhibit D at p.10. Upon information and belief, Defendant's Accused Products and Services are available for sale

on its website and through various retailers located in this district and throughout the United States.  See, e.g., Exhibits E through I.

13.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '981 Patent.  Based upon information and belief, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services.   Upon information and belief, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  See e.g. Exhibits D through I.  Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in establishing and using mesh systems.  See e.g. Exhibits J and K. Upon information and belief, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

14.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16.     Defendant's infringement of Plaintiff's rights under the ''981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,700,749

17.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

18.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '749 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the brand names of n-Link™, Connect-io-n™, WiSeConnect™, "M2MCombo," "SmartCombo," "NetCombo." and "WinergyNet™."  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '749 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual network nodes (e.g., Redpine Modules) coupled to a gateway (e.g., RS-SE-301 Advanced Gateway System) to provide a communication access point between the nodes and an external network, including at least the Accused Products and Services. For example, the Accused Products and Services infringe one or more of the claims of the '749 Patent by providing to Defendant's customers its wireless modules in which "Neighborhood Meter data" are

"aggregated and directly transported" onto other networks using Wi-Fi devices that organize themselves automatically to create a "neighborhood mesh network."  See, e.g., Exhibit D at p.10. Upon information and belief, Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States.  See, e.g., Exhibits E through I.

19.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '749 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '749 Patent as early as the date of service of the Original Complaint in this action, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '749 Patent.  Based upon information and belief, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services.  Upon information and belief, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '749 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  See e.g. Exhibits D through I.  Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in establishing and using mesh systems.  See e.g. Exhibits J and K. Upon information and belief, Defendant knew that its actions, including, but not limited to any of the aforementioned products

S.D. N.Y.: *Endeavor MeshTech v. Redpine Signals, Inc.*                                    Page |7
PLAINTIFF'S ORIGINAL COMPLAINT

and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

20.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

21.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     Defendant's infringement of Plaintiff's rights under the '749 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,855,019

23.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

24.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '019 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under its brand names of n-Link™, Connect-io-n™, WiSeConnect™, "M2MCombo," "SmartCombo," "NetCombo." and "WinergyNet™."   Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '019 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual network nodes (e.g., Redpine Modules) coupled to a gateway (e.g., RS-SE-301 Advanced Gateway System) to provide a communication access point between the nodes and an external

network, including at least the Accused Products and Services. For example, the Accused Products and Services infringe one or more of the claims of the '019 Patent by providing to Defendant's customers its wireless modules in which "Neighborhood Meter data" are "aggregated and directly transported" onto other networks using Wi-Fi devices that organize themselves automatically to create a "neighborhood mesh network." <u>See, e.g.,</u> Exhibit D at p.10. Upon information and belief, Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. <u>See, e.g.,</u> Exhibits E through I.

25.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '019 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '019 Patent as early as the date of service of the Original Complaint in this action, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '019 Patent.  Based upon information and belief, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services.  Upon information and belief, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '019 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. <u>See e.g.</u> Exhibits D through I**.**  Specifically, Defendant offers

design services to select, deploy and integrate Defendant's products to assist its customers in establishing and using mesh systems. <u>See e.g.</u> Exhibits J and K. Upon information and belief, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

26.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28.     Defendant's infringement of Plaintiff's rights under the '019 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

29.     Plaintiff demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

30.     Plaintiff respectfully requests the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B.     An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F.     Any further relief that this Court deems just and proper.

Dated: July 1, 2015

Respectfully submitted,

Maureen V. Abbey (Bar No. MA-1562, N.Y.)
**HENINGER GARRISON DAVIS, LLC**
5 Penn Plaza, 23d Floor
New York, New York 10001
Telephone: (212) 896-3876
Facsimile: (908) 301-9008
Email: maureen@hgdlawfirm.com

**Of Counsel:**
Jacqueline K. Burt (Bar No. 425322, GA)
Jonathan R. Miller (Bar No. 507179, GA)
James F. McDonough, III (Bar No. 117088, GA)
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0861, 0869, 0863
Facsimile: (205) 547-5502, 5504, 5506
Email: jburt@hgdlawfirm.com
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com

*Attorneys for Plaintiff*
*Endeavor MeshTech, Inc.*